IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELBERT MELTON JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:23-CV-640-RAH-KFP |
| | ) |
| HOUSTON COUNTY, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Elbert Melton, Jr., was previously granted leave to proceed in forma pauperis, which obligates the Court to undertake review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon review, the undersigned RECOMMENDS that this case be dismissed, as set forth below.

### I.   LEGAL STANDARD

Under 28 U.S.C. § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). However, courts cannot construct a pro se

litigant's legal arguments or rewrite a deficient pleading to save it. *Barnett v. Lightner*, No. 13-CV-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citations omitted). Although liberally construed, pro se pleadings must comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citations omitted).

## II.   PLAINTIFF'S COMPLAINT

Melton's Complaint, filed on the form used by pro se plaintiffs to file actions for civil rights violations, states as follows:

> Officer Rafferty stated I committed crime of theft and arrested me on 4/21/2017 . . . . Ethics committee dismissed this on 2/27/18. He also took my car 2009 Crown Vic . . . . Rafferty had a piece of paper rolled up and punched me in the chest and said "if you don't think we will put you in jail ask Governor Don Singleman." Rafferty was the reporting officer, the investigator, He obtained warrant arrested me with bond set $15,000. He also accused me of locking the council members out of the Town Hall Building. Then they took the keys to the building and city truck from me. Therefore I had to use my personal vehicle for towns work.

Doc. 1 at 5. The Complaint was filed on November 2, 2023, and seeks $1,000,000 in damages. *Id.* at 6. Construing Melton's allegations liberally, because he asserts that criminal charges against him were dismissed by an ethics committee and that he was punched in the chest in connection with an arrest by a police officer, the Court interprets the Complaint as attempting to state claims for constitutional violations under 42 U.S.C. § 1983 based on an illegal seizure and excessive force.

## III.   DISCUSSION

As set forth above, the conduct described in the Complaint occurred on April 21, 2017. Regardless of the specific constitutional right at issue, civil actions based on a

constitutional violation are brought under 42 U.S.C. § 1983, which provides that anyone acting under the color of law who deprives someone of their Constitutional rights is liable to the injured party. *See Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1299 (11th Cir. 2007) (recognizing that § 1983 does not confer substantive rights but is the vehicle to sue a person acting under color of state law for violations of federal constitutional and statutory provisions). Section 1983 claims are bound by the venue state's statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 250–51 (1989). Under Alabama Code § 6-2-38(1), the statute of limitations for a § 1983 claim is two years. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The statute of limitations for § 1983 begins to run when a plaintiff knows or has reason to know that he has been injured and is aware or should have been aware of who inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Here, the constitutional violation alleged in the Complaint occurred in April 2017, but Melton did not file this action until November 2, 2023, more than six years after his arrest and more than four years after the statute of limitations expired. Because of the nature of the alleged violation—being arrested, punched, and taken to jail—Melton was aware or should have been aware of the alleged constitutional violations when they occurred. Accordingly, the statute of limitations on § 1983 claims arising out of his 2017 arrest has expired, and those claims are now barred. *See Fish v. Geico Ins.*, 606 F. App'x 576 (11th Cir. 2015) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the statute of limitations, the claims are properly dismissed

pursuant to § 1915 as frivolous) (citing *Hughes v. Lott,* 350 F.3d 1157, 1160 (11th Cir. 2003)).

Additionally, while a pro se litigant must generally be given an opportunity to amend a complaint, a district court need not allow an amendment where amendment would be futile. *Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860–61 (11th Cir. 2012) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). An amendment is futile when the complaint would still be properly dismissed or subject to immediate summary judgment for the defendant. *Id.* (citing *Cockrell*, 510 at F.3d at 1310). The Court finds that any amendment of the Complaint would be futile, as all § 1983 claims arising out of Melton's 2017 arrest are barred by the two-year statute of limitations.[1]

## IV. CONCLUSION

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED before service of process under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

Further, it is ORDERED that by **May 13, 2024**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

---

[1] Because the Court finds that Melton's claims are barred by the statute of limitations, it does not address the merits of his allegations.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

Done this 29th day of April, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE